CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 21 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN EARNEST CHINAULT, ) | |
| ) | Civil Action No. 7:13-cv-00126 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| CAROLYN COLVIN, ) | By: Judge James C. Turk |
| Acting Commissioner of Social Security, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff Brian Earnest Chinault ("Chinault") brought this action for review of Defendant Carolyn Colvin's ("the Commissioner") final decision denying his claims for disability insurance benefits ("DIB") under the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g). This Court has jurisdiction over the action pursuant to 42 U.S.C. § 405(g). Both Chinault and the Commissioner filed motions for Summary Judgment. ECF Nos. 15, 19. Oral argument was heard on March 12, 2014, and the motions are now ripe for disposition.

This appeal raises a straightforward issue, to wit, whether the hypothetical question the Administrative Law Judge posed to the Vocational Expert ("VE") included one of the most limiting portions of the Residual Functional Capacity ("RFC") found by the ALJ and, if not, whether there is substantial evidence to support the ALJ's decision. Because the Court concludes that the question posed to the VE was an improper hypothetical question that did not adequately set forth the RFC as found by the ALJ, the Court remands this case for further proceedings.

Accordingly, the Commissioner's Motion for Summary Judgment is **DENIED** and Plaintiff's Motion for Summary Judgment is **GRANTED.** The Agency's decision is **REVERSED** and this matter is **REMANDED** to the Agency for further proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).

I.  **STANDARD OF REVIEW**

When reviewing the Commissioner's final decision, the Court's review is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether they were reached through the application of the correct legal standards. See 42 U.S.C. § 405(g); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). The Commissioner's finding of any fact is conclusive provided it is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401; Hancock, 667 F.3d at 472. Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock, 667 F.3d at 472 (citation omitted). If the Commissioner's determinations are supported by substantial evidence, a reviewing court may not substitute its judgment for that of the Commissioner, but instead must defer to those determinations. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g).

II.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Chinault was born on June 22, 1967 and was 42 years old on the alleged onset disability date. R. 27. Thus, he is deemed a younger individual under the Act. 20 C.F.R. § 404.1563. Chinault began working at age 15, R. 78-79, and worked until he suffered a nervous breakdown while working as a pump station mechanic in March 2010. R. 20. Chinault filed an application for DIB under Title II on May 10, 2010, which was denied on both initial consideration and reconsideration. R. 15. Thereafter, Chinault requested and received a hearing, which was held on

---

[1] A detailed discussion of Chinault's medical history is unnecessary in light of the fact that neither party challenges the RFC found by the ALJ.

2

January 25, 2012 before ALJ Jennifer Horne. R. 37-93. In an opinion dated February 24, 2012, the ALJ denied Chinault's request for benefits.

There is no dispute that Chinault has not engaged in substantial gainful activity since April 2010 and that he meets the insured requirements of the Act through December 31, 2014. R. 17. The ALJ also found that Chinault suffered from the severe impairments of obesity, degenerative disc disease of the lumbar and thoracic spines, irritable colon, migraines, anxiety, and depression. R. 17. The ALJ further found that Chinault had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except that he needs to have the opportunity to sit or stand at will; he can only occasionally use ramps, stoop, kneel, crouch, and crawl; he can never climb ladders; he should avoid concentrated exposure to fumes and hazards; he can perform simple, routine, repetitive, and unskilled work; he can tolerate occasional contact with the public; and he may be absent from work one day a month due to migraines.

R. 20.

Based on this RFC, and relying on testimony from the VE at the hearing, the ALJ concluded that Chinault could not return to any of his past work, but that there were jobs Chinault could perform that exist in significant numbers in the national economy. R. 28. Accordingly, the ALJ concluded that Chinault was not disabled. The Commissioner denied review of the ALJ's decision, R. 1-6, and Chinault timely appealed to this Court.

Chinault's sole argument on appeal concerns the validity of the VE's testimony, so the Court will restate that testimony at length here. The exchange between the VE and the ALJ was as follows:

> ALJ: All right, Mr. Williams, I'm going to ask you some hypothetical questions. I'm going to ask you to assume an individual the claimant's age, education and past work, who's able to lift 10 pounds frequently, 20 pounds occasionally. Sit for six

> hours in an eight-hour day. Stand and walk for six hours in an eight-hour day. Sit, stand at will.
>
> VE: Could you go over that again. I think I messed up on it. You said, was that lifting 20 pounds occasionally?
>
> ALJ: Ten pounds frequently, 20 pounds occasionally.
>
> VE: Okay.
>
> ALJ: Can occasionally climb ramps, stoop, kneel, crouch, crawl. Can never climb ladders. Should avoid concentrated exposure to fumes and hazards. Is able to perform simple, routine, repetitive, unskilled work that has only occasional contact with the public. And is absent once a month due to migraines. Is such an individual able to perform the claimant's past work?
>
> VE: No, Your Honor.
>
> ALJ: Is such an individual able to perform other jobs?
>
> VE: Yes, ma'am.
>
> ALJ: Okay.
>
> VE: We have at the light, unskilled level, we have a photocopy machine operator under DOT number 207.685-014. . . . We have officer helper under DOT 239.567-010. . . .
>
> . . .
>
> VE: We have markers and price changers under DOT number 209.587-034. . . .

R. 82-83. Additionally, the VE described each of these positions as being at the unskilled, light level. As is evident from the above, the VE was confused about the question as originally posed and interrupted the ALJ to ask about the lifting restriction. The VE did not expressly ask about the postural limitations, and the ALJ did not include them, or restate them, when re-asking the question.

The restriction that Chinault must be able to sit and stand at will was not mentioned subsequently during the VE's testimony, although the ALJ subsequently asked two additional hypothetical questions by the ALJ. The second hypothetical did not include a sit/stand at will restriction, and instead included the restriction that Chinault could stand and walk for only two hours in an eight-hour day (instead of six as in the first hypothetical). Id. at 84. In response to

4

that question, the VE identified three additional positions—assemblers, stuffers and dowel inspectors. The ALJ then asked what effect an additional limitation would have on all the jobs the VE previously mentioned, the additional restriction being that the person is off task more than 20 percent of the day due to the problems maintaining concentration and other mental difficulties. Id. at 85-86. Again, there was no additional discussion of, or reference to, any sit/stand at will restriction.

## III. DISCUSSION

### A. General Legal Standards

Chinault bears the burden of proving that he is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)(2006)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2) and 1382c(a)(3)(B).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals

the requirements of a listed impairment;[2] (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at step five to establish that the claimant maintains the RFC, considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

### B. Plaintiff's Argument on Appeal

In this case, as noted, the only issue raised on appeal is whether the ALJ erred at step five in her determination that Chinault could perform available alternative work. The error committed by the ALJ, according to Chinault, is that she relied on the VE's testimony in response to a hypothetical that did not contain the sit or stand at will limitation ultimately included in the ALJ's RFC. Thus, Chinault argues the case should be remanded for further proceedings and, in particular, to clarify the VE's testimony by asking a proper hypothetical that clearly includes the restriction that Chinault be able to sit or stand at will. Having reviewed the exchange quoted above, as well as the remainder of the VE's testimony, the Court concludes that the record is sufficiently murky to require a remand for further proceedings.

"The purpose of bringing in a [VE] is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." Walker v.

---

[2] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

Bowen, 889 F.2d 47, 50 (4th Cir. 1989). For the VE's testimony "to be relevant or helpful, it must be based upon a consideration of all other evidence in the record . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Id. (internal citations omitted).

As the United States Court of Appeals for the Fourth Circuit noted in Fisher v. Barnhart, 181 F. App'x 359, 364 (4th Cir. 2006), "the ALJ has some discretion to craft hypothetical questions to communicate to the [VE] what the claimant can and cannot do." But in crafting hypothetical questions, the ALJ is required to fairly set out the claimant's impairments as they were supported by substantial evidence found in the entirety of the record. See Walker, 889 F.2d at 50. In this case, it is not at all clear that the VE understood that the sit or stand at will restriction was included in the hypothetical being asked by the ALJ.

Based on the transcript, it is clear that the VE was confused about at least one portion of the first hypothetical being posed to him. R. 82. But when the ALJ went back to restate the question, she did not repeat the number of hours that Chinault could sit or stand, nor did she repeat the restriction that Chinault must be able to "sit, stand at will." Based on the exchange reflected on the transcript, it is entirely possible that the VE did not take into account those restrictions when he gave his opinion. At the very least, it is unclear whether or not the VE considered the "sit or stand at will" restriction. Indeed, on this issue counsel for the Commissioner conceded at the hearing before this Court that the transcript is ambiguous, and allows the Court to "draw one conclusion or the other." That is, the transcript allows the Court to conclude that the sit/stand at will restriction was not adequately conveyed by the ALJ or understood by the VE.

Because the question posed arguably it does not take into account all of Chinault's limitations, the VE's response to it is not relevant to the inquiry at step five. Thus, there is not substantial evidence supporting the ALJ's determination at step five. See, e.g., Price v. Sec'y of Health and Human Servs., 61 F.3d 904, 1995 WL 413428, at *3 (6th Cir. 1995) ("Vocational expert testimony based on a faulty hypothetical is not 'substantial evidence.'") (citation omitted); Riley v. Chater, 57 F.3d 1067, 1995 WL 361483, at *3 (4th Cir. June 16, 1995) (a VE's testimony, which was "based on hypothetical questions that did not encompass all relevant impairments, does not constitute substantial evidence to support the ALJ's decision").

It is possible, of course, that the VE understood the question as including the restriction, but nothing in that portion of the transcript, or in any of the other hypotheticals posed by the ALJ, none of which included the sit or stand at will requirement, demonstrates that to be the case. At most, as acknowledged by the Agency, it is ambiguous. In a similar case where the transcript was unclear and suggested an inconsistency in questioning as to the sit/stand at will option, the court concluded a remand was warranted. Elliott v. Astrue, 2011 WL 2506335, at *4 (W.D.N.C. June 22, 2011) ("Testimony resulting from inconsistent questioning does not provide substantial evidence to support findings on the vocational issues.").

Moreover, as argued by Plaintiff, and as the Agency's own rulings recognize, the sit or stand at will restriction eliminates many positions. See Peterson v. Chater, 96 F.3d 1015, 1016 (7th Cir. 1996) (citing SSR 83-12 at *4). Specifically SSR 83-12 provides, in pertinent part:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs

8

> which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>
> There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. **Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.**

SSR 83-12, 1983 WL 31253, at *4 (1983) (emphasis added). Notably, all of the jobs identified in response to the first hypothetical are unskilled types of positions, R 82-83, and nothing in the record indicates that these particular positions identified by the VE would allow Chinault to sit or stand at will.

In short, the primary question posed to the VE was not sufficiently clear as to whether or not it included a sit/stand at will restriction, and thus the VE's answer is not substantial evidence supporting the ALJ's decision. For this reason, the Court **REMANDS** this case for further proceedings. On remand, the ALJ should present a clear and complete hypothetical to a vocational expert properly incorporating all of Chinault's impairments and should also ensure that a clear answer is provided.

## IV. CONCLUSION

After review of the record, this Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, this Court **DENIES** the Commissioner's Motion for Summary Judgment, ECF No. 15, **GRANTS** the Plaintiff's Motion for Summary Judgment, ECF

9

No. 19, **REVERSES** the Agency's decision, and **REMANDS** for further proceedings consistent with this opinion. An appropriate order shall issue this day.

**ENTER**: This 18th day of April, 2014.

/s/ James C. Turk
James C. Turk
Senior United States District Judge